# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| KAJARI WHITESIDE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:24-cv-01600-SGC |
| NEW SOUTH EXPRESS, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

Kajari Whiteside initiated this matter by filing a complaint on November 20, 2024. (Doc. 1).[2] The complaint names Whiteside's former employer, New South Express, LLC, as the sole defendant and asserts claims for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42, U.S.C. § 2000e, *et seq*. Presently pending is New South's motion to dismiss, which is fully briefed and ripe for adjudication. (Doc. 6; *see* Docs. 13, 14). As explained below, the motion will be granted in its entirety, and Whiteside's claims will be dismissed.

## I.   STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) is appropriate if a complaint does not

---

[1] The parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). (Doc. 11).

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

"contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

## II.   FACTS

Whiteside, who identifies as a transgender female, worked at New South for approximately two months as a floor representative in the human resources department ("HR"), from March 6, 2023, until May 12, 2023.[3] (Doc. 1 at 3-4). The complaint generally asserts Whiteside was subjected to discrimination and sexual harassment by New South and its employees. More specifically, Whiteside

---

[3] The general allegations in the fact section of the complaint list Whiteside's termination as occurring on May 12, **2024**. (Doc. 1 at 3). However, the more detailed facts asserted in conjunction with the hostile work environment claim specify Whiteside was terminated on May 12, **2023**. (*Id.* at 4). Additionally, in response to New South's motion to dismiss, Whiteside contends she was fired a month after making her HR complaint, which was in April 2023. (Doc. 13 at 8). Accordingly, the court concludes she was terminated in 2023 and that the reference to 2024 is a typographical error. However, the outcome of the pending motion to dismiss would be identical whether Whiteside worked at New South for two or fourteen months.

alleges that sometime in April 2023, her supervisor and New South's HR manager[4] made comments about her body, including expressing curiosity as to how she "looked outside of uniform" and whether she "looked like that" outside of work. (*Id.* at 4).

Whiteside promptly reported the incident, but HR did not investigate or take any action to resolve the situation. (Doc. 1 at 4). On May 7, 2023, Whiteside mentioned to her supervisor that she was considering getting a pet cat. In response, an individual identified as Jessie[5] said, "[Y]eah, I bet you have," which Whiteside interpreted as a reference to her genitals. (*Id.* at 4). New South terminated Whiteside five days later. (*Id.*). On these facts, Whiteside asserts claims for hostile work environment and retaliation.

## III.  DISCUSSION

New South's motion attacks the sufficiency of the factual allegations to support either hostile work environment or retaliation. (Doc. 6).[6] The arguments regarding each claim are addressed in turn.

---

[4] The court understands this allegation as describing two individuals, although it may be referring to a single New South HR manager who is also Whiteside's supervisor.

[5] Jessie may be the first name of Whiteside's supervisor (who may also be New South's HR manager), or Jessie may be another New South employee.

[6] While New South styles its motion as seeking partial dismissal, the motion is aimed at both the claims asserted in the complaint. (Doc. 6 at 1; *see* Doc. 14 at 1).

A.    **<u>Hostile Work Environment</u>**

To prevail on a claim for hostile work environment, a plaintiff must show: (1) membership in a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in a protected group; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create a hostile or abusive working environment; and (5) the employer is responsible, either vicariously or directly, for that environment. *Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1275 (11th Cir. 2002). A hostile work environment is a workplace "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment." *Id.* at 1276. While a Title VII complaint need not allege facts which could satisfy a *prima facie* case at summary judgment, it must assert facts which, taken as true, plausibly allege intentional discrimination. *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly,* 550 U.S. at 556).

Here, New South contends the complaint's allegations are insufficient to show Whiteside faced objectively severe and pervasive harassment. (Doc. 6 at 5-10). In response, Whiteside first contends the question of severity and pervasiveness is inappropriate on a motion to dismiss and instead should be

addressed at summary judgment. (Doc. 13 at 4-5). However, courts sitting in this district have dismissed hostile work environment claims where the allegations regarding the severity and pervasiveness of conduct did not satisfy the plausibility standard. *Powell v. Harsco Metal*, No. 12-4080-VEH, 2013 WL 3242759 at *7, (N.D. Ala. June 20, 2013); *Martinez v. City of Birmingham*, No. 18-0465-JEO, 2019 WL 398686 at *8 (N.D. Ala. Jan. 31, 2019).

The plaintiff's citation to *Poague v. Huntsville Wholesale Furniture*, 369 F. Supp. 3d 1180, 1194 (N.D. Ala. 2019), an opinion issued by a court sitting in this district, does not support the notion that the question of severity and pervasiveness is inappropriate or premature under Rule 12(b)(6). (*See* Doc. 13 at 4-5). In denying the defendant's motion to dismiss, the court in *Poague* ultimately concluded the female plaintiffs stated a hostile work environment claim. But that finding was based on the specific allegations in the complaint, which included that male supervisors and co-workers frequently discussed sex in graphic detail, made derogatory and sexually charged statements to the plaintiffs and other women in their presence, and engaged in unwanted physical contact with the plaintiffs. 369 F.3d at 1193-94. Accordingly, the conclusion in *Poague* that the plaintiffs plausibly alleged hostile work environment rested on the factual allegations in the complaint there, not a categorical prohibition on applying Rule 12(b)(6) to

allegations regarding severity and pervasiveness.[7]  For the foregoing reasons, Whiteside's contention—that it is inappropriate to analyze the severe and pervasive requirement on a motion dismiss—fails.

Next, Whiteside contends that, even if severity and pervasiveness can be analyzed on a motion to dismiss, her hostile work environment claim passes Rule 12(b)(6) muster.  (Doc. 13 at 5-7).  The complaint alleges two instances of harassment: (1) the April 2023 occurrence when Whiteside's supervisor or asked how she looked out of uniform and outside work; and (2) the May 7, 2023 comment by someone named Jessie regarding Whiteside's feline aspirations.[8]  Neither instance was severe.  Indeed, it is unclear whether either statement even refer to Whiteside's sex or gender.  Even drawing the inference that the two comments were aimed at Whiteside's protected characteristics, these statements were, at worse, inappropriate; they did not alter the terms or conditions of Whiteside's employment or transform her workplace into an abusive environment. "Title VII is not a civility code, and not all profane or sexual language or conduct

---

[7] Indeed, *Poague* cites *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011), an unpublished Eleventh Circuit opinion confirming that a plaintiff must allege sufficient facts to plausibly satisfy a *prima facie* case.  *Poague*, 369 F. Supp. 3d at 1193.

[8] While the complaint repeatedly states the defendant discriminated against the plaintiff, the court need not consider these general, conclusory statements couched as factual allegations. *Twombly*, 550 U.S. at 555; *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300-01 (11th Cir. 2010). 1300-01; *see Nurse v. City of Alpharetta*, 775 F. App'x 603, 607 (11th Cir. 2019) (affirming dismissal of Title VII claims based on conclusory assertions); *Heard v. Hannah*, 51 F. Supp. 3d 1129, 1144 (N.D. Ala. 2014) (dismissing claim based on generic, allegations which failed to describe the substance of any allegedly discriminatory statements).

will constitute discrimination in the terms and conditions of employment." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010).

Courts sitting in this district and elsewhere within this circuit have dismissed hostile work environment claims premised on similarly sparce allegations, even when the conduct was more severe than the relatively innocuous events alleged here. *See Powell*, 2013 WL 3242759 at *7 (granting motion to dismiss race-based hostile work environment claim premised on employee calling the plaintiff a "black mother f**ker" during an altercation); *Little v. CRSA*, No. 17-0126, 2017 WL 3431837 at *4-5 (M.D. Ala. Aug. 9, 2017) (granting motion to dismiss sex-based hostile work environment claim based on seven instances of a male coworker's conduct, including asking about her menstrual cycle, asking to look up her dress, commenting how "her butt looked in jeans," and telling the plaintiff she "had a cute a**"); *Gerbier v. J.R. Eight, Inc.*, No. 11-21040, 2011 WL 13268707, at *3 (S.D. Fla. Aug. 12, 2011) (granting motion to dismiss race-based hostile work environment claim where plaintiff alleged he was continuously called "negro" in front of his supervisor); *see also Phifer v. Koch Foods of Ala., LLC*, No. 24-0386, 2025 WL 1371826, at *3 (M.D. Ala. Feb. 12, 2025), *R&R adopted,* 2025 WL 1248617 (M.D. Ala. Apr. 30, 2025) (granting motion to dismiss racially hostile work environment claim based on his supervisor: (1) making derogatory

7

remarks; (2) ignoring the plaintiff's safety concerns; and (3) micromanaging the plaintiff's work and holding him to a higher standard than white co-workers).

The foregoing authority is persuasive. Even accepting the allegations in the complaint as true and drawing the inference that the two comments referred to Whiteside's sex or gender, she alleges conduct which, while offensive, does not plausibly show her workplace was "permeated with discriminatory intimidation, ridicule, and insult" or which was so severe or pervasive as to alter the conditions of her employment and create an "abusive working environment," *Miller,* 277 F.3d at 1276. Accordingly, Whiteside's complaint fails to state a claim for hostile work environment.

**B.     Retaliation**

Title VII also prohibits an employer from retaliating against an employee for opposing discriminatory employment practices. 42 U.S.C. § 2000e-3(a). A plaintiff claiming retaliation must show: (1) engagement in an activity protected under Title VII; (2) an adverse employment action; and (3) a causal connection between the two. *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010). New South argues the complaint fails to allege facts supporting the first and third requirements. (Doc. 6 at 10-12). As to engagement in protected activity, New South contends the sparse allegations of discriminatory conduct mean she did not have an objectively reasonable belief that New South was engaged in unlawful

employment practices.  New South also argues the complaint fails to allege a causal connection between her complaint to HR and her firing.  (*Id.*).

A plaintiff asserting a claim for retaliation based on opposing an employer's actions must show she had a "good faith, reasonable belief that the employer was engaged in unlawful employment practices."  *Little v. United Technologies, Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir. 1997).  This standard has a subjective component and an objective component.  *See id.*  "The objective reasonableness of an employee's belief that her employer has engaged in an unlawful employment practice must be measured against existing substantive law."  *Clover v. Total Sys. Servs.,* 176 F.3d 1346, 1351 (11th Cir.1999).

Here, the complaint alleges that, following the April 2023 comments regarding what Whiteside looked like outside work and out of uniform, she "promptly reported the incident to HR," but HR did not investigate or take any action. (Doc. 1 at 4).  As explained in the preceding section, expressing curiosity regarding an employee's appearance simply does not amount to legally actionable sexual harassment under existing substantive law.[9]  Whiteside's belief to the contrary, no matter how sincerely held, is objectively unreasonable.  Accordingly, the complaint fails to plausibly allege Whiteside engaged in protected activity, and

---

[9] As the court reads the complaint, this was the only incident Whiteside reported to HR.  (*See* Doc. 1 at 4).  But even if Whiteside also reported Jessie's cat comment, the conclusion here would remain unchanged.

9

the claim for retaliation is due to be dismissed for failure to state a claim upon which relief can be granted. In light of this conclusion, it is not necessary to address New South's arguments regarding causation.

### C. Request to Amend

In Whiteside's response to the motion to dismiss, she posits she should be allowed to amend her complaint should the court agree that she has failed to state a claim. (Doc. 13 at 8-9). This contention is unsupported by any hint of the additional allegations Whiteside would include in an amended complaint or any other indication of deficiencies an amended complaint would cure. *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982, 983 (11th Cir. 2012) (denying motion to amend as futile where movant did not present additional allegations to state a plausible claim). Additionally, in the more than seven months that have elapsed since Whiteside's response, she has not filed a motion to amend and thus has not properly presented the issue. *See Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009); *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."). For the foregoing reasons, amendment is not warranted here.

### IV. CONCLUSION

For all of these reasons, Whiteside has failed to state a claim upon which

relief can be granted. New South's motion to dismiss will be granted, and Whiteside's claims will be dismissed without prejudice. A separate order will be entered.

**DONE** this 29th day of September, 2025.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE